UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY (f/k/a HARTFORD LIFE AND ANNUITY INSURANCE COMPANY)** § § § § § | |
| **PLAINTIFF,** § § | |
| V. § | **CIVIL ACTION NO.:**  5:20-CV-00362 |
| § | |
| **BERNICE ALLEN, ESTATE OF E.W. ALLEN, SR. and E.W. ALLEN, JR.** § § § | |
| **DEFENDANTS** § | |

## COMPLAINT IN THE NATURE OF INTERPLEADER

**NOW COMES** the Plaintiff, Talcott Resolution Life and Annuity Insurance Company (f/k/a Hartford Life and Annuity Insurance Company) ("Talcott") by and through its undersigned counsel, by way of Complaint against Defendants, alleges as follows:

### THE PARTIES

1. Talcott is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Connecticut.

2. Defendant Bernice Allen ("Mrs. Allen") is an adult individual who is domiciled in Texas, with an address of 6606 Latana Sun, San Antonio, Texas 78244. Allen is named in this action as a putative owner of the life insurance policies at issue.

3. Defendant Estate of E.W. Allen, Sr. ("Estate") is the as-yet unopened Estate of E.W. Allen, Sr. who, upon informaiton and belief, is deceased. At the time of his presumed death,

E.W. Allen Sr. ("Allen Sr.") was domiciled in Texas. The Estate is named in this action as a putative owner of the life insurance policies at issue.

4. Defendant E.W. Allen, Jr. ("Allen Jr.") is an adult individual who is domiciled in Texas, with an address of 7907 Mountain Forest, San Antonio, TX 78239. Allen Jr. is named in this action as next-of-kin of Allen Sr.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all Defendants are residents of Texas and at least one of the Defendants resides in this judicial district.

## THE POLICIES

7. On or about May 3, 1991, Talcott issued a universal life insurance policy, Policy Number LU1003067, to Mrs. Allen, insuring her life, in the face amount of $99,000, with a Renewable and Convertible Term Rider also insuring the life of Tracie Evon Allen. As of February 3, 2020, this Policy carried a death benefit of $97,730.18 and cash value of $4,619.23.

8. On or about March 15, 1993, Talcott issued a universal life insurance policy, Policy Number LU1077634, to Mrs. Allen, insuring her life, in the face amount of $40,000. As of February 3, 2020, this Policy carried a death benefit of $40,000 and cash value of $1,063.71.

9. Ownership of Policy Number LU1003067 and Policy Number LU1077634 (collectively, the "Policies") changed several times during the life of the Policies.

10. On or about December 21, 2016, ownership of the Policies was transferred to Allen Sr.

11. Upon information and belief, at that time, Mrs. Allen was married to Allen Sr., but it has been alleged that Mrs. Allen and Allen Sr. later divorced in or about June 2018.

12. On or about July 8, 2018, Talcott received by fax a Transfer of Ownership or Designation of Contingent Owner form relating to the Policies. The form bore the signature of Allen Sr. and designated Mrs. Allen as new primary Owner, but the request was missing the second page and other required information. Accordingly, Talcott rejected the request. Attached hereto as Exhibit A is a true and correct copy of the referenced Transfer of Ownership or Designation of Contingent Owner form.

13. On July 10, 2018, Talcott received another Transfer of Ownership or Designation of Contingent Owner form for each of the Policies. This form bore the signature of Allen Sr. and designated William Thompson (Mrs. Allen's son) as new Owner of the Policies and Deborah Murphy (Mrs. Allen's daugher) as contingent Owner of the Policies. Attached hereto as Exhibit B is a true and correct copy of the fax received transmitting the referenced Transfer of Ownership or Designation of Contingent Owner form.

14. Talcott processed the change of ownership requests and notified Allen Sr. and William Thompson, confirming that Talcott had changed the owner of the Policies to William Thompson and contingent owner to Deborah Murphy. Attached hereto as Exhibit C is a true and correct copy of letters dated July 16 & 17, 2018 from Talcott to Allen Sr. and William Thompson.

15. On or about July 20, 2018, Talcott received a letter from Allen Sr. stating that he did not authorize transfer of the Policies to Mrs. Allen's children and provided Talcott with a copy of a Divorce Decree, dated June 8, 2018. Attached hereto as Exhibit D is a true and correct copy of the referenced letter and its enclosures, including the June 8, 2018 Divorce Decree.

16.     The Divorce Decree, as provided to Talcott, provides that Allen Sr. and Mrs. Allen were divorced on June 8, 2018 and further that:

> IT IS ORDERED AND DECREED that Petitioner, Bernice G. Allen, is awarded the following as her sole and separate property, and Respondent, E.W. Allen, is divested of all right title, interest, and claim in and to that property:
>
> \*   \*   \*   \*
>
> P-5   The following life insurance policies:…
>    b. Hartford Life – Ending 3067…
>
> P-6   Life insurance policies insuring Bernice Allen's life.

Exhibit D to Complaint at pp. 2-3 of enclosured Divorce Decree.

17.     In response to Allen Sr.'s allegation that he did not authorize the transfer of the Policies to William Thompson, Talcott conducted an investigation and determined that ownership should be reestablished in Allen Sr.  Acordingly, the July 2018 transfer of ownership of the Policies to William Thompson was reversed and ownership was re-established with Allen Sr.

18.     Talcott advised Allen Sr. of same, provided him with an endorsement reflecting that he was the current owner of the Policies, and advised that any request to change ownership to Mrs. Allen would be processed once the enclosed Transfer of Ownership or Designation of Contingent Owner form is received in good order for each policy.  Attached hereto as Exhibit E is a true and correct copy of an August 31, 2018 letter from Talcott to Allen Sr. in this regard.

19.     Following, no transfer of ownership forms were sent by Allen Sr.

20.     On or about January 28, 2019, Talcott received a fax from Deborah Thompson-Murphy (Mrs. Allen's daughter and apparent agent-in-fact), requesting on behalf of Mrs. Allen that ownership of the Policies be transferred from Allen Sr. to Mrs. Allen pursuant to the enclosed Divorce Decree.  Attached hereto as Exhibit F is a true and correct copy of the referenced January 28, 2019 communication.

21. On February 20, 2019, Talcott responded to Deborah Thompson-Murphy as agent-in-fact for Bernice Allen, advising her that in order to change ownership of the policies she referenced, a completed transfer of ownership form was required, in good order. Attached hereto as Exhibit G is a true and correct copy of the referenced letter.

22. On or about May 22, 2019, Talcott received a fax from William Thompson as agent-in-fact for Mrs. Allen, demanding that Talcott change ownership of the Policies to Mrs. Allen in accordance with the Divorce Decree, without the required transfer of ownership forms. Attached hereto as Exhibit H is a true and correct copy of the referenced fax.

23. On or about June 5, 2019, Talcott received a letter from Allen Jr. indicating that Allen Sr. was trying to return ownership of the Policies to Mrs. Allen, but that in attempting to do so, he and Allen Sr. discovered that William Thompson and Deborah Murphy committed fraud in the process by designating themselves as owner instead. Attached hereto as Exhibit I is a true and correct copy of the referenced letter.

24. Subsequently, Talcott attempted to facilitate the transfer of ownership of the Policies to the satisfaction of the interested parties, but upon information and belief Allen Sr. passed away in the interim.

25. According to the Policies, when the policyowner dies, ownership vests in the policyowner's Estate but prior beneficiary designations remain intact until changed by the new Owner. Accordingly, Allen Sr.'s Estate is the current owner of the Policies.

26. William Thompson, on behalf of Mrs. Allen, continues to assert a claim to the Policies pursuant to the Divorce Decree.

27. Upon information and belief, Allen Jr. does not intend to transfer ownership of the Policies on behalf of the Estate.

28. Premiums continue to be due on the Policies and failure to make timely premium payments could result in the lapse of the Polcies, leaving them with no value.

## FIRST COUNT - INTERPLEADER

29. Talcott has no means other than this interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to the Policies on the part of the Defendants.

30. Talcott claims no title to or interest in the ownership of the Policies and is ready and willing to recognize as owners the person(s) entitled to such title and interest and conform its records and transfer ownership accordingly, but Talcott is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims of the Defendants.

31. An Estate must be opened for Allen Sr. in order for this Court to issue proper service and render judgment in this case. Allen Jr. is next-of-kin for Allen Sr., but Talcott is unaware whether Allen Sr. left any other heirs or beneficiaries to his Estate.

**WHEREFORE**, Talcott, respectfully requests that this Court grant the following relief:

- A. Directing Allen Jr., or such other appropriate person as the Court designates, to initiate probate proceedings for the purpose of securing the appointment of a personal representative of the Estate who can accept process and be bound by this Court's Orders;

- B. Declaring the proper owner of the Policies;

- C. Directing Talcott to conform its records to reflect the proper owner of the Policies as determined by this Court;

- D. Restraining Defendants from instituting any action against Talcott regarding ownership of the Policies;

- E. Discharging Talcott from all liability to Defendants arising out of the matters herein set forth upon conforming its records to reflect the proper owner of the Policies as determined by this Court;

  F. Awarding Talcott payment of its reasonable attorneys' fees and costs; and

  G. Such other relief as is deemed just and proper.

## SECOND COUNT – DECLARATORY JUDGMENT

32. Talcott repeats its allegations of paragraphs 1 through 31 inclusive hereof as if fully set forth herein.

33. Talcott claims no title to or interest in the ownership of the Policies and is ready and willing to recognize as owners the person(s) entitled to such title and interest and conform its records and transfer ownership accordingly, but Talcott is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims of the Defendants.

34. An Estate must be opened for Allen Sr. in order for this Court to issue proper service and render judgment in this case. Allen Jr. is next-of-kin for Allen Sr., but Talcott is unaware whether Allen Sr. left any other heirs or beneficiaries to his Estate.

**WHEREFORE**, Talcott respectfully requests that this Court grant the following relief:

  A. Directing Allen Jr., or such other appropriate person as the Court designates, to initiate probate proceedings for the purpose of securing the appointment of a personal representative of the Estate who can accept process and be bound by this Court's Orders;

  B. Declaring the proper owner of the Policies;

  C. Directing Talcott to conform its records to reflect the proper owner of the Policies as determined by this Court;

  D. Restraining Defendants from instituting any action against Talcott regarding ownership of the Policies;

  E. Discharging Talcott from all liability to Defendants arising out of the matters herein set forth upon conforming its records to reflect the proper owner of the Policies as determined by this Court;

  F. Awarding Talcott payment of its reasonable attorneys' fees and costs; and

  G. Such other relief as is deemed just and proper.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
1901 NW Military, Suite 218
San Antonio, Texas 78213
Telephone: (210) 340-1818
Fax: (210) 340-4073
Email:  service@pgtxlaw.com

*/S/ Paul Garcia*_____
PAUL GARCIA
State Bar No. 00798199
CLARKSON BROWN
State Bar No. 00798082
*Attorneys for Plaintiff*
**TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY (f/k/a HARTFORD LIFE AND ANNUITY INSURANCE COMPANY**